# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SCARBOROUGH B. ALBEA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | 1:18CV807 |
| v. | ) | |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent filed an Answer (Docket Entry 3), a Motion for Summary Judgment (Docket Entry 4), and a Supporting Brief (Docket Entry 5). Petitioner then filed a response, docketed as "Exhibits A and B." (Docket Entry 7.) This matter is now ready for a ruling.

## Background

Petitioner pled guilty in May of 2017 in the Superior Court of Guilford County to attempted heroin trafficking and was sentenced to 50-72 months of imprisonment. (Docket Entry 5, Exs. 1-2.) Petitioner did not appeal but instead filed in that same court a Motion for Appropriate Relief ("MAR"), a motion for discovery, and other related miscellaneous motions, in March of 2018. (*Id.*, Ex. 3.) In April of 2018, Petitioner filed an amended MAR. (*Id.*, Ex. 4.) In June of 2018, the court granted the MAR, as amended, insofar as the court

acknowledged a sentencing error and granted Petitioner's request for resentencing, but denied the remainder of the claims. (*Id.*, Ex. 5.) Later that month, Petitioner was resentenced to 44-65 months of imprisonment. (*Id.*, Ex. 6.) On July 2, 2018, Petitioner filed a second MAR in the Superior Court of Guilford County. (*Id.*, Ex. 7.) On July 20, 2018, this MAR was denied. (*Id.*, Ex. 8.) Petitioner then filed his federal habeas petition in this Court on September 24, 2018. (Docket Entry 1.)

## **Petitioner's Grounds**

Petitioner contends: (1) that he was sentenced at the wrong prior record level; (2) that his attorney provided ineffective assistance of counsel by failing to present mitigating factors; (3) that there was insufficient evidence because of error in the admission or exclusion of evidence because post-test procedures of DNA conducted were in his favor; and (4) that there was a lack of jurisdiction due to the denial of pre-trial motions or relief to which he was entitled, affecting the preparation or presentation of his defense. (Docket Entry 1, Grounds One through Four.)

## **Standard of Review**

Where a state trial court adjudicated a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that

2

reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" does not mean just "incorrect" or "erroneous" and the Court must judge the reasonableness from an objective standpoint. *Id.* at 409-11. State court factual findings are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Where the claims below are denied on their merits, this standard will apply.

## **Ground One**

Petitioner first contends that he was sentenced at the "[w]rong prior record level" and in support he asserts that he "was told by [his] lawyer and the DA that [he] was a level 6 with 19 points, habitual status, and FBI was reviewing [his] case. [However, he contends he] was a level 5 with 14 points[.] They only took 6 months off instead of 18 months off." (Docket Entry 1, Ground One.) Put differently, Petitioner asserts that at his resentencing he was at a prior record level of V (rather than the initially erroneously calculated prior record level of VI) with fourteen points (rather than the initially erroneously calculated nineteen points) and the court only reduced six months off his sentence instead of eighteen months. (*See id.*) Petitioner's contention is without merit.

3

First, this claim is procedurally barred. To receive habeas relief, a petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The rationale for this requirement is as follows:

> [b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "In North Carolina, a petitioner may satisfy the exhaustion requirement of section 2254 by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a MAR and petitioning the North Carolina Court of Appeals for a writ of certiorari." *Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, at *4, n.4 (M.D.N.C. Apr. 14, 2014) (unpublished) (citing N.C. Gen. Stat. §§ 7A-27, 7A-31, 15A-1422). Moreover, failure to exhaust state law remedies will result in the claims being procedurally barred from federal review if, upon return to the state courts, those courts would find that the claims are procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)). North Carolina General Statute § 15A-1419 imposes such a mandatory procedural bar for claims that could have been presented on appeal or in a prior MAR. *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).[1]

---

[1] One may overcome a procedural default by showing cause and prejudice arising from the asserted constitutional error. *McCarver v. Lee*, 221 F.3d 583, 591-92 (4th Cir. 2000). To show "cause," a petitioner may make "a showing that the factual or legal basis for the claim was not reasonably available to counsel." *Id.* at 591 (citation omitted). To establish "prejudice," a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his

Here, the Court has reviewed Petitioner's July 2018 MAR, which is Petitioner's second MAR, and nowhere in it does he allege that he was resentenced at the wrong prior record level. Because he did not present this issue to the trial court in his July 2018 MAR, this claim is unexhausted. Moreover, Petitioner would now be procedurally barred from seeking post-conviction review of this claim in the North Carolina courts. *See* N.C. Gen. Stat. § 15A-1419(a) (listing as grounds for denying a MAR: (1) "Upon a previous motion [for appropriate relief] . . . the defendant was in a position to adequately raise the ground or issue underlying the present motion but did not do so."). Accordingly, ground one of the Petition (Docket Entry 1) is procedurally defaulted on federal habeas review.[2] *See Breard*, 134 F.3d at 619. Beyond this, Petitioner has neither shown cause and prejudice nor a fundamental miscarriage of justice to excuse his default. Petitioner's first ground for relief fails for this reason alone.

---

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 592 (citation omitted). One may also overcome procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) (citation omitted). This exception applies only to cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 392-94 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 494-96 (1986)).

[2] Because Petitioner never filed a petition for writ of certiorari with the North Carolina Court of Appeals challenging the trial court's denial of his MARs, all of Petitioner's grounds for relief are unexhausted. *See Brown v. Smith*, No. 3:13-CV-717-FDW, 2014 WL 1632989, at *3 (W.D.N.C. Apr. 24, 2014) (unpublished) ("Because Petitioner did not properly file a certiorari petition in the North Carolina Court of Appeals, he has not exhausted his state remedies as to his claim for relief[.]") (citations omitted). Respondent contends that it is now too late to do so and, as a result, all of Petitioner's claims are procedurally barred for this reason alone. (Docket Entry 5 at 10-11.) However, North Carolina has not specifically defined what constitutes unreasonable delay for purposes of filing a certiorari petition with the North Carolina Court of Appeals in circumstances such as these. *McConnell v. Beck*, 427 F.Supp.2d 578, 580-82 (M.D.N.C. 2006). Nevertheless, the Court need not resolve this issue, because Petitioner's grounds for relief fail, or are procedurally barred, for other reasons described herein. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

5

Second, even assuming this issue could proceed on the merits, it would fail. Petitioner's judgment and commitment forms show he was resentenced for his Class E felony at prior record level V with 14 points, to 44-65 months of imprisonment. (Docket Entry 5, Ex. 6.) This was a correct, lawful sentence with a minimum term falling within the presumptive range of sentences for his Class E felony at prior record level V with 14 points. (*Id.*); N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2013 version applicable to 2016 offense). Petitioner's first ground for relief is both procedurally barred and without merit even under a de novo standard of review.[3]

### Ground Two

Petitioner next asserts ineffective assistance of counsel because his lawyer failed to present mitigating factors at sentencing. (Docket Entry 1, Ground Two.) As explained in greater detail below, this argument also lacks merit.

To prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Unsupported, conclusory allegations do not entitle Petitioner to even a hearing. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994).

This claim fails for a number of reasons. First, counsel could not be ineffective for failing to present alleged mitigation evidence at sentencing for the original 50-72 month term

---

[3] To the extent Petitioner's first and second grounds overlap, they should both be denied for the reasons set forth herein.

of imprisonment because that sentence was imposed pursuant to a plea bargain for this specific sentence within the presumptive range. (Docket Entry 5, Ex. 1.) *See State v. Davis*, 791 S.E.2d 460 (N.C. Ct. App. 2016) (concluding that there was no ineffective assistance of counsel for failing to raise mitigating factors where defendant's "sentence was within the presumptive range"). Second, there was no ineffectiveness at resentencing. Petitioner's federal habeas petition contains no more than a cursory allegation that there were mitigating factors that, had they been brought to the resentencing court's attention, would likely have resulted in a shorter sentence. (Docket Entry 1, Ground Two (stating that "there were clear mitigating factors present in my case").) Such vague, conclusory, and unsupported allegations were unlikely to sway the court at resentencing and are insufficient to satisfy either element of a *Strickland* analysis. Ground two fails for this reason alone. *See Nickerson*, 971 F.2d at 1136.

Beyond this, even giving Petitioner the benefit of the doubt and assuming that he intended to incorporate the contents of his July 2018 MAR in support of ground two of his federal habeas petition, this ground—as supplemented—still fails. That is because the only arguable references to a mitigating factor in this MAR are vague, conclusory, and unsupported references to heart problems. (Docket Entry 5, Ex. 7 at 4-5.) North Carolina law provides that one possible mitigating factor in sentencing is where a "defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but significantly reduced the defendant's culpability for the offense." N.C. Gen. Stat. § 15A-1340.16(e)(3). Petitioner fails to explain, however, how his purported heart condition would be sufficient to reduce his culpability for attempted trafficking in heroin, nor is it apparent how this could be so.

7

Additionally, if the Court were to presume further that Petitioner intended to incorporate the contents of his March 2018 MAR (Docket Entry 5, Ex. 3) and his April 2018 amended MAR (Docket Entry 5, Ex. 4) in support of ground two of his federal habeas petition—thereby giving Petitioner the benefit of the doubt twice-over—ground two, as supplemented, would still fail. Petitioner does mention in his MAR a number of potentially mitigating factors, such as the fact he was a father, that he "accepted responsibility for his acts, . . . [he] has a system of support in the community, . . . [he] admitted wrongdoing at an early stage of the proceeding, . . . [he] was remorseful, [and he demonstrated an] incapacity to proceed in the criminal proceedings."[4] (Docket Entry 5, Ex. 3 at pdf pages 15-16.) Nevertheless, declaring the existence of a mitigating factor in a vague, conclusory, and unsupported manner does little to satisfy Petitioner's burden of demonstrating the *Strickland* elements here. *See Nickerson*, 971 F.2d at 1136. The only potentially mitigating factor that is even arguably self-evident from the record is the possibility that Petitioner accepted responsibility for attempted trafficking in heroin, by pleading guilty. Yet, even this factor is not satisfied, because North Carolina law provides that when a defendant enters an *Alford* plea,

---

[4] *See* N.C. Gen. Stat. § 15A-1340.16(e)(4) ("The defendant's age, immaturity, or limited mental capacity at the time of commission of the offense significantly reduced the defendant's culpability for the offense."); *id.* at (e)(11) ("Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer."); *id.* at (e)(12) ("The defendant has been a person of good character or has had a good reputation in the community in which the defendant lives."); *id.* at (e)(15) ("The defendant has accepted responsibility for the defendant's criminal conduct."); *id.* at (e)(17) ("The defendant supports the defendant's family."); *id.* at (e)(18) ("The defendant has a support system in the community.").

8

as Petitioner did here (Docket Entry 5, Ex. 1), that by itself in insufficient as a matter of law to demonstrate acceptance of responsibility.[5]

Beyond this, there is an additional reason to believe that any mitigation argument by counsel at resentencing along the lines that Petitioner suggests would have failed. As explained, at Petitioner's initial sentencing, he was sentenced for a Class E felony, with a prior record level of VI. This specific sentence of 50-72 months, which is the maximum sentence allowable under the presumptive range, was in accordance with Petitioner's plea agreement (Docket Entry 5, Ex. 1) and consequently, no amount of mitigating evidence would have made any difference, *see* N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2013 version applicable to 2016 offense). Also, at the resentencing, it may well be that the court was still bound to sentence him at the highest end of the presumptive range.[6] However, even if it was not, the sentence of 44-65 months of imprisonment based on a Class E felony, with a prior record level of V, is still in keeping with the essence of the parties' plea; that is, a sentence at the uppermost of the properly calculated sentencing range. N.C. Gen. Stat. § 15A-1340.17(c) & (e) (2013 version applicable to 2016 offense). It would have taken a compelling argument to change this sentence at resentencing and Petitioner has not shown that counsel had one.

---

[5] *See State v. Meynardie*, 172 N.C. App. 127 (2005) ("[W]e find that defendant's *Alford* plea merits against finding that defendant accepted responsibility for his conduct. The *Alford* plea permitted defendant to consent to the imposition of a prison sentence even if he [wa]s unwilling or unable to admit his participation in the acts constituting the crime. Defendant's *Alford* plea indicates a reluctance to take full responsibility for his criminal conduct."), *aff'd and remanded*, 361 N.C. 416, 646 S.E.2d 530 (2007) (citations omitted).

[6] There is no transcript of Petitioner's resentencing hearing in the record.

Finally, in his explanation for his failure to exhaust state remedies, Petitioner asserts that the same lawyer who represented him at his guilty plea proceeding, and whom he later charged with ineffective assistance of counsel, was later appointed to represent him on resentencing. (Docket Entry 1, Grounds One through Four.) Petitioner may be implicitly attempting to raise an additional ground for relief here in the form of a conflict of interest claim. Any effort to do so, however, would fail, if for no other reason than the potential claim is procedurally barred. This is because Petitioner failed to raise such a conflict of interest claim in his July 2018 MAR, even though he was in an adequate position to have done so given that, by that time, Petitioner had already been resentenced. (Docket Entry 5, Ex. 7.) It is therefore procedurally barred for the same reasons and authorities set forth above. Petitioner has neither shown cause and prejudice nor a fundamental miscarriage of justice to excuse his default.

Any such claim would also fail on the merits. To establish ineffective assistance of counsel based upon a conflict of interest

> a movant must show that: (1) counsel labored under an "actual conflict of interest" and (2) the conflict adversely affected counsel's performance. *United States v. Dehlinger*, 740 F.3d 315, 322 (4th Cir. 2014) (internal quotation marks omitted). "These requirements are often intertwined." *United States v. Stitt*, 552 F.3d 345, 350 (4th Cir. 2008) (internal quotation marks omitted). If the movant satisfies this showing, "prejudice is presumed and nothing more is required for relief." *United States v. Nicholson*, 611 F.3d 191, 205 (4th Cir. 2010).

*United States v. Mullen*, 748 F. App'x 491, 493 (4th Cir. 2018)

Here, prior to representing Petitioner at the resentencing proceeding on June 14, 2018 (Docket Entry 5, Ex. 6), the state court had already denied the ineffective assistance of counsel

10

claims on June 5, 2018 that had previously been raised by Petitioner in his initial and amended MARs. (*Id.*, Exs. 3-5, & 6.) Therefore, at the time of resentencing, defense counsel was not acting under an actual conflict of interest which adversely effected his representation. Furthermore, Petitioner has not shown that any alleged conflict of interest had an adverse effect on counsel's representation at resentencing. To the contrary, it appears that counsel effectively represented Petitioner at resentencing by successfully reducing the 50-72 month sentence to 44-65 months. (*Id.*, Exs. 2 & 6.) Petitioner has shown no actual conflict of interest adversely effected counsel's representation at the resentencing proceeding. Any potential conflict of interest claim is therefore without merit.

## Ground Three

Petitioner's third ground is that there is "[i]nsufficiency of evidence" because "[t]here has been error in the admission or exclusion of evidence, to the prejudice on my behalf. Post-test procedures of DNA testing conducted under this section were in my favor, and the court did not enter any order that serves the interest of justice." (Docket Entry 1, Ground Three.)

In a post-conviction proceeding the standard of review for a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A court reviewing the sufficiency of the evidence "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). It has further been held that "circumstantial evidence may support a verdict of guilty, even though it does

11

not exclude every reasonable hypothesis consistent with innocence." *United States v. George*, 568 F.2d 1064, 1069 (4th Cir. 1978). Moreover, a valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969); *United States v. Willis*, 992 F.2d 489, 489-90 (4th Cir. 1993). The plea is itself conviction of the offense charged. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

Here, Petitioner's insufficiency argument fails for being vague, conclusory, and unsupported. *See Nickerson*, 971 F.2d at 1136. Beyond this, Petitioner pled guilty to attempted trafficking of heroin. His transcript of plea indicates his plea was knowingly, voluntarily, and intelligently made.[7] (Docket Entry 5, Exs. 1-2.) This ground has no merit even under a de novo standard of review.

### Ground Four

Petitioner's fourth ground for relief asserts a "[l]ack of jurisdiction" because "[t]here has been a denial of pretrial motion or relief to which [Petitioner was] entitled to, so as to affect [his] preparation or presentation of [his] defense to [his] prejudice." (Docket Entry 1 at 10.) Like Petitioner's prior ground for relief, this one too is vague, conclusory, and unsupported and fails for this reason alone. *See Nickerson*, 971 F.2d at 1136. Beyond this, in North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division." N.C.

---

[7] In his response to Respondent's motion for summary judgment, Petitioner may be trying to raise a new argument that his guilty plea was not made knowingly, voluntarily, and intelligently because it was based upon misadvice of counsel prior to his plea. (Docket Entry 7 at pdf pages 20-26.) It would be futile, however, for Petitioner to move to amend his federal habeas petition at this point to raise this potential new claim. This is because any such claim would be procedurally barred for the reasons stated elsewhere herein.

12

Gen. Stat. § 7A-271. Additionally, North Carolina trial division courts "have personal jurisdiction over those who commit crimes within the borders of the state." *State v. Goode*, 211 N.C.App. 637, 641 (N.C. Ct. App. 2011). Petitioner was charged with, pled guilty to, and was convicted for violating North Carolina law in the state of North Carolina. This ground for relief lacks merit even under a de novo standard of review and should therefore be denied.

### Conclusion

For the reasons set forth above, the Petition should be denied. Neither the appointment of counsel, nor an evidentiary hearing, nor discovery are warranted in this matter.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

March 11, 2019
Durham, North Carolina